ANGELO GIRASULO
vs.
CONSOLIDATED MOTOR LINES, INC., ET AL.

JOSEPH DE GROTO
vs.
CONSOLIDATED MOTOR LINES, INC., ET AL.

Superior Court      New Haven County      File #50375
                                          #50380
            Present:   Hon. ROBERT L. MUNGER, Judge.

FitzGerald, Foote & Fitzgerald, Attorneys for the Plaintiffs.

William L. Hadden;
Watrous, Hewitt,
    Gumbart & Corbin,          Attorneys for the Defendants.

MEMORANDUM FILED NOVEMBER 3, 1937.

MUNGER, J.   It is clear that there was a definite agree-

ment fully understood by all of the parties to settle and dispose of these cases. The amount to be paid was agreed upon. There was an extended period of negotiation and it must be found as a fact that the agreement on all sides was thoroughly understood. The plaintiffs have now repudiated this agreement and the question arises whether the Court has any power to enforce it. As to that I have no other disposition than to follow Judge Inglis who at a previous stage of the proceedings had this matter under consideration.

I think also that we must immediately ask ourselves what the effect would be upon the business of the courts if such conduct as this upon the part of the plaintiffs could be upheld. At the end of a trial lasting a month the plaintiff in any case might make a definite agreement to settle and the case be thereupon adjourned, pending the preparation of the releases the agreement might be repudiated and there would follow a month of lost motion and expense. If the Court did not enforce the agreement the parties would then go to trial again. How many times could this procedure be tolerated? I think the Court in its equity powers has authority to enforce a definite agreement such as was made in the present case and certainly anything else would lead to results which might be intolerable.

In each case, and this memorandum may serve for each, the prayer of the cross-complaint of the defendant is granted and an injunction may issue to restrain the further prosecution of the action in each case.